IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JIM BARR, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:11-CV-1349-BF |
| § | |
| MICHAEL J. ASTRUE, § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

This is an appeal from the final decision of the Defendant, Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's claim for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI, respectively, of the Social Security Act ("the Act"), 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3).  *See* 42 U.S.C. § 405(g). The court has considered Plaintiff's brief, filed October 24, 2011, the Commissioner's response to Plaintiff's brief, filed November 22, 2011, and Plaintiff's reply to Commissioner's response to Plaintiff's brief, filed December 6, 2011, along with the record in connection with the pleadings. For the reasons stated, the court AFFIRMS the decision of the Commissioner.

## STATEMENT OF THE CASE[1]

---

[1] The statement of the case is taken from Plaintiff's Brief in Support of Claim, Defendant's Brief, and the March 19, 2009, decision of the Administrative Law Judge.

Plaintiff filed an application for Disability Insurance Benefits on October 23, 2003, alleging a disability onset date of August 11, 1989, and for Supplemental Security Income on October 17, 2000, alleging a disability onset date of August 1, 1999. (Tr. 575, 124.)[2] Plaintiff's applications were initially denied and denied again upon reconsideration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"). Plaintiff failed to appear and the ALJ entered an order of dismissal. Plaintiff requested review by the Appeals Council and the Appeals Council vacated the ALJ's order of dismissal and remanded the case for further proceedings. (Tr. 114.) The hearing was held on January 7, 2009, where Plaintiff and a vocational expert ("VE") testified before the ALJ. (Tr. 37-79.)

The ALJ found that Plaintiff remained insured for Title II disability insurance benefits only through September 30, 2005. (Tr. 14.) Plaintiff therefore was required to show disability prior to that date. *See* 20 C.F.R. § 404.131. The ALJ determined Plaintiff worked after his alleged onset date, but this work did not rise to the level of substantial gainful activity. (Tr. 16.) The ALJ also found that Plaintiff had the following severe impairments: (1) hepatitis, (2) degenerative disc disease of the lumbar spine, (3) status post-left knee arthroscopy, (4) reactive airway disease, (5) tobacco use disorder, (6) schizoaffective disorder, (7) affective disorder, (8) bipolar disorder, and (9) polysubstance disorder. (Tr. 16.) However, the ALJ found that such impairments failed to meet or equal a listed impairment for presumptive disability under 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16-18.) In making this finding, the ALJ concluded that Plaintiff's mental impairment resulted in mild limitation in the domains of daily living and social functioning, and moderate limitation in the domains of concentration, persistence and

---

References to the certified administrative transcript are abbreviated "Tr."

2

pace, and that Plaintiff has not experienced any episodes of decompensation which have been for extended duration. (Tr. 17.)

The ALJ found that Plaintiff has the residual functional capacity (RFC) to perform less than the full range of light work, in that he can only do simple, routine tasks, lift/carry twenty pounds occasionally and ten pounds frequently, stand/walk for six hours in an eight hour day, and sit for six hours in an eight hour day. (Tr. 18.)

After finding that Plaintiff had no past relevant work, and upon consideration of the VE's testimony, the ALJ found that Plaintiff was capable of performing other jobs that exist in significant numbers in the national economy – specifically as a gas leak checker, a duct maker for sheet metal, and a collator operator. (Tr. 23-24.) As a result, the ALJ found that Plaintiff was not disabled within the meaning of the Act. (Tr. 24.) The Appeals Council's February 11, 2011, denial of Plaintiff's request for review rendered the ALJ's March 19, 2009, decision the Commissioner's final administrative decision for judicial review. (Tr. 5-7.)

**STANDARD OF REVIEW**

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

3

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work he has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny

4

benefits was supported by substantial evidence and to whether the proper legal standard was utilized.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C.A. § 405(g).  Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance."  *Leggett*, 67 F.3d at 564.  The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record to determine whether substantial evidence is present.  *Greenspan*, 38 F.3d at 236.

**ISSUES**

The Court must determine whether substantial evidence and relevant legal standards support the Commissioner's finding that Plaintiff was not disabled.  Plaintiff raises the following issues: (1) whether the ALJ's failure to consider whether Plaintiff was capable not only of obtaining, but also maintaining employment for a significant period of time warrants remand; and (2) whether the ALJ's finding that Plaintiff's RFC is limited by the inability to perform complex work properly accommodated Plaintiff's moderate limitation in the domain of concentration, persistence and pace.

**Analysis**

**1.      The ALJ Did Not Err by Failing to Make a Finding as to Whether Plaintiff Was Able to Maintain Employment.**

Plaintiff argues the ALJ improperly failed make a finding regarding Plaintiff's ability to maintain employment for a significant period of time.  The Fifth Circuit does not require that an ALJ make a specific finding that a claimant can maintain a job unless "the claimant's ailment waxes and wanes in its manifestation of disabling symptoms."  *Frank v. Barnhart*, 326 F.3d 618, 619, 621 (5th Cir. 2003).  Plaintiff states that, by its nature, bipolar disorder fluctuates between manic and depressive states, resulting in an ailment that waxes and wanes in its manifestation of

5

disabling symptoms. Plaintiff, however, cannot support his claim with this conclusory statement. Plaintiff must submit medical or other evidence to support his disability. *See* 20 C.R.R. §§ 404.1512(a), 416.912(a).

Plaintiff claims the medical records also support his claim that his ailment waxes and wanes. Plaintiff cites reports that he has had mental health issues for many years. (Pl's Brief at 4-5.) None of these reports, however, make any statement that any of Plaintiff's disabling symptoms of mental impairments wax and wane, or that he can work – but only for short spans of time. *See Franks*, 326 F.3d at 621.

Finally, Plaintiff cites a letter from his treating physician that Plaintiff "is unable to hold a job for long term." (Tr. 428.) Plaintiff argues the ALJ should have given special significance to this letter. The ALJ, however, rejected the doctor's opinion in that letter. The ALJ determined
the letter was written to help Plaintiff obtain food stamps, the letter was vague and did not contain a function by function analysis, the letter stated a legal conclusion, and it was inconsistent with Plaintiff's daily living activities of performing odd jobs. (Tr. 21.)

In evaluating the opinion of a treating physician, the ALJ is required to consider certain factors in evaluating the evidence. *See* 20 C.F.R. § 404.1527(c); *Newton v. Apfel*, 209 F.3d 448, 456-58 (5th Cir. 2000) (requiring, in the absence of competing first-hand medical evidence, that the ALJ consider each factor in § 404.1527(c) in evaluating the medical opinion of the treating physician). An ALJ, however, must only consider these factors when considering the *medical opinions* of a treating physician. Subsection (d) of the regulation states that some opinions by physicians are not medical opinions and therefore have no "special significance" in the ALJ's

determination. 20 C.F.R. § 404.1527(d). Among the opinions by treating physicians that have no special significance are determinations that the claimant is "disabled" or is "unable to work." *Id*. Such determinations are legal conclusions that are "reserved to the Commissioner." The ALJ therefore was not required to give Dr. Kalra's letter special significance, or consider the factors in 20 C.F.R. § 404.1527(c).

After review of the record, this court concludes that there was substantial evidence to support the Commissioner's findings and that no legal error was made by the Commissioner in not making a separate finding as to whether Plaintiff could maintain employment. The evidence of record does not suggest that Plaintiff's ability to maintain employment would be compromised despite his ability to initially perform employment. Likewise, the evidence of record does not indicate that the ALJ did not appreciate that an ability to perform work on a regular basis was inherent in the definition of RFC.

**2.     The Commissioner's Finding Concerning Plaintiff's Residual
         Functional Capacity (RFC) Was Supported by Substantial Evidence.**

Plaintiff argues the ALJ failed to properly accommodate Plaintiff's moderate limitation in the domain of concentration, persistence and pace by not including the limitation in his RFC and the hypothetical posed to the VE.

In his RFC assessment, the ALJ determined that Plaintiff had the RFC to perform less than the full range of light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) in that he can only do simple routine tasks, lift/carry 20 pounds occasionally and 10 pounds frequently, stand/walk for 6 hours in an 8 hour day, and sit for 6 hours in an 8 hour day. (Tr. 18.)

Plaintiff argues that the ALJ's limitation to "simple, routine tasks" does not adequately accommodate Plaintiff's moderate limitation in concentration, persistence and pace. Plaintiff

cites Dr. Reddy's December 2003 finding that he displayed a marked limitation in his ability to understand, remember and carry out detailed instructions. (Tr. 376-78; Pl's Brief at 8). Plaintiff also cites Dr. Kalra's February 2001 report stating Plaintiff's mood appeared anxious, he exhibited poor remote memory, poor concentration, impaired judgment and had difficulty doing the "series 7" examination. (Tr. 319, Pl's Brief at 5).

In determining Plaintiff's RFC, the ALJ stated he considered all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. (Tr. 18.) He also stated he considered the opinion evidence and the reports of the state agency medical consultants, as well as other treating, examining and non-examining sources. (Tr. 22.)

In his RFC assessment, the ALJ relied on agency consultant Dr. Zimmerman's determination that although Plaintiff had a moderate limitation in concentration, persistence and pace, he "retained the ability to understand and follow simple instructions, to interact appropriately with workers and supervisors and to adapt to routine working environments." (Tr. 324.) Further, medical consultant Dr. Reddy concluded that Plaintiff could understand, remember and carry out simple instructions, he was able to get along with others and adjust appropriately to changes in work setting. (Tr. 378.) Dr. Kalra noted that Plaintiff's thought process was generally organized and goal directed, his recent memory was fair. (Tr. 319.) Dr. Jones stated there appeared to be no specific restrictions in Plaintiff's daily activities, that Plaintiff visits outside the immediate family and keeps current on events through television and newspapers. (Tr. 316.) The ALJ therefore found that Plaintiff has the mental RFC for doing work involving simple routine tasks, or for unskilled work activity. (Tr. 21.) The ALJ's RFC

closely tracks the language in the reports by the agency consultants that Plaintiff can understand and follow simple instructions. The mental RFC is therefore supported by substantial evidence.

### 3. The ALJ's Finding that Plaintiff Could Perform Other Jobs That Exist in the National Economy is Supported by Substantial Evidence.

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

This case reached step five of the five-step inquiry. To determine if there was work, other than Plaintiff's past work, that Plaintiff could perform and to meet the required burden of proof, the ALJ put forth the following hypothetical question to the VE:

> Assume a hypothetical individual again same age, education and job background as the claimant who is limited to simple routine tasks, [INAUDIBLE], and limited to light work, that is, occasional lifting and carrying 20 pounds, frequent lifting and/or carrying of 10 pounds, stand, walk for at least six hours in an eight-hour day and sitting for six hours in an eight-hour day.

(Tr. 77.)

The VE stated that such a person could work as a gas leak tester, duct maker for sheet metal, and collator operator. (*Id*.) Each of these jobs has a specific vocational preparation (SVP) level of 2. Level 2 is in the class of unskilled work, *Social Security Ruling* 00-4p, 2000 WL 1898704 at *3, and is "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a).

9

Plaintiff argues that limiting the hypothetical to "simple routine tasks" does not sufficiently accommodate his moderate limitation in concentration, persistence and pace. Plaintiff cites *Otte v. Commissioner*, No. 3:08-CV-2078-P, 2010 WL 4363400, (N.D. Tex. Oct. 18, 2010), to support his claim. In *Otte*, however, the ALJ determined the plaintiff had the mental RFC to do "unskilled work," which included work with the Reasoning Level of 3. The Court stated "Reasoning Level 3 is not compatible with a restriction to simple, routine, repetitive work. *Id*. at *8 (citing *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997)). In this case, the mental RFC limited Plaintiff to simple routine tasks. The VE therefore chose jobs with a Reasoning Level of 2.

Further, in *Otte*, the ALJ's determination that the plaintiff could perform unskilled work was a vocational determination that must be made by the VE. In this case, the ALJ made no vocational determination, but relied on the testimony of the VE.

The Court in *Otte* also determined the ALJ did not perform a function-by-function analysis to determine the plaintiff's mental RFC. In this case, the medical consultants' reports that the ALJ relied on to determine Plaintiff's mental RFC contained the function-by-function analysis. (Tr. 22, 322-24, 378.) The hypothetical to the VE tracked the RFC and sufficiently accommodated Plaintiff's moderate limitation in concentration, persistence and pace. *See Bordelon v. Astrue*, 281 Fed. Appx. 418 (5th Cir. 2008) (finding restriction to rare public interaction, low stress and one-to-two step instructions reflect that ALJ has reasonably incorporated the Plaintiff's moderate concentration, persistence and pace limitations); *Herring v. Astrue*, 788 F. Supp.2d 513, 519 (N.D. Tex. Apr. 22, 2011) (finding hypothetical reasonably incorporated Plaintiff's moderate social functioning limitation by limiting the hypothetical to "short simple instructions in a simple and routine work environment); *Gipson v. Astrue*, 2011 WL 540299 at *6-7 (N.D. Tex. Feb. 11, 2011)

(finding hypothetical reasonably incorporated Plaintiff's limitation in concentration, persistence and pace and her limited ability to work with others by limiting hypothetical to "simple work in which interaction with the public and co-workers is no more than incidental.").

Without re-weighing the evidence or substituting its own judgment, and in consideration of the deference afforded to the Commissioner, this court concludes that there was sufficient evidence to support the Commissioner's final decision that Plaintiff could perform other jobs that exist in the national economy.

## **CONCLUSION**

After a thorough review of the record, this court concludes that substantial evidence supports the Commissioner's decision to deny Plaintiff's claims for Disability Insurance Benefits and Supplemental Security Income and that the decision is not the result of prejudicial legal error. The Commissioner met his burden to show that Plaintiff is capable of performing jobs that exist in substantial numbers in the national and local economies, despite his severe impairments.

The Court affirms the Commissioner's decision.

IT IS SO ORDERED this 21st day of June, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE